**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 888 EDA 2022 |

Appeal from the Order Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008022-2012

BEFORE: KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:          **FILED MAY 18, 2023**

Appellant, Vamsidhar Vurimindi, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his second *pro se* motion to remove counsel. We quash the appeal.

The relevant facts and procedural history of this appeal are as follows. Following a bench trial, the court convicted Appellant of two counts of stalking and one count of disorderly conduct.[1] On April 25, 2014, the court sentenced Appellant to an aggregate term of two and one-half (2½) to five (5) years' imprisonment, followed by five (5) years of probation. This Court dismissed Appellant's direct appeal from the judgment of sentence, and our Supreme

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1) and 5503(a)(4), respectively.

Court denied Appellant's petition for allowance of appeal on September 4, 2019. *See Commonwealth v. Vurimindi*, 200 A.3d 1031 (Pa.Super. 2018), *appeal denied*, 655 Pa. 195, 217 A.3d 793 (2019).

On December 18, 2019, Appellant commenced collateral review with the filing of a *pro se* petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed amended petitions on June 11, 2020 and March 10, 2021. Appellant, however, filed a motion to proceed *pro se* on July 12, 2021. On September 20, 2021, the court conducted a hearing to determine whether Appellant would proceed *pro se*, pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998). At the conclusion of the hearing, the court denied Appellant's motion. Appellant filed a notice of appeal from the order denying his motion, which this Court docketed at 1886 EDA 2021.

On September 28, 2021, the PCRA court entered an order that stayed the proceedings related to Appellant's PCRA petition pending the resolution of the appeal at 1886 EDA 2021. Despite the stay, Appellant filed a *pro se* motion for removal of counsel on November 20, 2021. In it, Appellant reiterated his "dissatisfaction and lack of faith" in PCRA counsel. (Motion, filed 11/20/21, at 14). The court conducted a hearing on the matter on December 21, 2021. At the conclusion of the hearing, the court denied Appellant's motion. That same day, Appellant filed another notice of appeal. This Court docketed the new appeal at 726 EDA 2022.

- 2 -

Even with multiple appeals pending in this Court, Appellant continued to deluge the PCRA court with *pro se* correspondence. Specific to the instant appeal, Appellant filed his second *pro se* motion to remove counsel on January 24, 2022. On March 21, 2022, the court denied Appellant's motion. Appellant filed the current, *pro se* notice of appeal on March 22, 2022. Thereafter, PCRA counsel filed an appellate brief on Appellant's behalf.

Appellant now raises one issue for this Court's review:

> Whether the PCRA court abused its discretion by denying Appellant's motion to remove court-appointed counsel, despite presentation of compelling evidence to establish an irreconcilable difference between Appellant and counsel that precludes counsel from representing him.

(Appellant's Brief at 7).

As a prefatory matter, we emphasize that "[o]nce an appeal is filed, a [PCRA] court has no jurisdiction to proceed further in the matter, absent limited exceptions[.]" ***Commonwealth v. Smith***, 244 A.3d 13, 17 (Pa.Super. 2020). Pennsylvania Rule of Appellate Procedure 1701 governs the effect of a notice of appeal as follows:

> **Rule 1701. Effect of Appeal Generally**
>
> **(a) General rule.**—Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or other government unit after appeal.**—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

- 3 -

(1)    Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2)    Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3)    Grant reconsideration of the order which is the subject of the appeal or petition[.]

\* \* \*

(4)    Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5)    Take any action directed or authorized by an appellate court.

(6)    Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

**(c)    Limited to matters in dispute.**—Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(a)-(c).

Instantly, the PCRA court lacked jurisdiction to accept and dispose of

Appellant's second *pro se* motion to remove counsel while his appeal of a related issue remained pending at 1886 EDA 2021. ***See Smith, supra***. The exceptions set forth in Rule 1701 are not applicable. Thus, Appellant's second *pro se* motion to remove counsel, as well as the PCRA court's order denying it, were both legal nullities. ***See id.*** (explaining that filing in PCRA court amounted to legal nullity where appellant submitted it while prior appeal remained pending). As such, we quash this appeal.

Appeal quashed.

Judge Sullivan joins this memorandum.

President Judge Emeritus Stevens did not participate in the consideration or decision of this case.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 5/18/2023*